OPINION
Plaintiff Mary J. Kroger appeals a judgment of the Court of Common Pleas, Domestic Relations Division, overruling her motion for modification of child support from defendant Mark F. Kroger. Appellant assigns a single error to the trial court:
ASSIGNMENTS OF ERROR
 THE RULING OF THE TRIAL COURT THAT CERTAIN S-CORPORATION DISTRIBUTIONS EARNED BY APPELLEE FROM BENEFICIAL PURCHASE AND RESALE OF GOODS AND OTHER ASSETS FROM A COMPANY IN SUBSTANTIALLY THE SAME BUSINESS AS APPELLEE'S WHOLESALE COMPANIES WAS "NONRECURRING OR UNSUSTAINABLE INCOME" AND THEREFOR EXCLUDED FROM "GROSS INCOME" AS DEFINED IN O.R.C. 3113.215(A)(2) DESPITE THE SPECIFIC INCLUSION OF "DIVIDENDS" IN SAID STATUTORY DEFINITION IS ERROR AS A MATTER OF LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In 1993, the parties dissolved their marriage and entered into a child-support order. In 1995, the court increased the support order. On May 5, 1997, appellant moved the court to raise her child support based upon an increase in appellee's income from 1995 to 1996. The matter was heard before a magistrate, who found appellee had earned $254,000 in 1995, and $534,635 in 1996. The magistrate's findings of fact state appellee is in the business of wholesale firearms sales, and purchased a business which was in bankruptcy in 1995. Appellee and his associates formed three separate corporate entities to purchase the business, including real estate, inventory, accounts receivable, and various retail goods. The appellee and his associates were able to make the purchase at a substantial discount because of the bankruptcy proceedings. The corporations were then able to collect many of the uncollected accounts receivable and marketed the inventory and other goods at a substantial profit. Appellee realized an income of $343,212 from the corporations which liquidated bankrupt company's assets.
The magistrate found appellee's income from the liquidation sale constituted a non-recurring or unsustainable income, which should be excluded from the computation of appellee's gross income for purposes of calculating child support. The trial court overruled appellant's objections to the magistrate's decision, and found although appellee's income significantly increased in 1996, $343,212 of appellee's income for 1996, was non-recurring or unsustainable income and must be excluded from the child support computations.
R.C. 3113.215(A)(11) states:
 Non-recurring or unsustainable income or cash flow items means any income or cash item that the parent receives in a year or for any number of years not to exceed three years and that the parent does not expect to continue to receive on a regular basis.
R.C. 3113.215(A)(2) excludes non-recurring or unsustainable income or cash flow items from the definition of gross income.
R.C. 3113.215(B)(4) provides the court should modify the amount of child support if the child support amount varies by more than ten percent from the amount of the last order. The court must use the basic child support guidelines contained in R.C.3113.215(B)(1).
Appellant cites us to McCoy v. McCoy (1995), 105 Ohio App.3d 651, wherein the Court of Appeals for Meigs County, reviewed a situation where a trial court included severance pay as gross income for purposes of child support calculation. There, the obligor argued the severance pay was non-recurring or unsustainable income, and should have been excluded. The McCoy
court found this was an issue for the trial court's factual determination. The court of appeals found appellant's challenge was one to the manifest weight of the evidence supporting the trial court's factual determination, and found the appeals court could not reverse as against the manifest weight of the evidence because the trial court's decision was supported by competent and credible evidence going to each of the elements of the case, McCoy
at 656, citations deleted.
In Yost v. Unanua (1996), 109 Ohio App.3d 296 originating in Stark County, this court found where the obligor exercises a stock option which generates a large increase in income, the court must determine whether the income is a one-time event, or will continue in the future. Appellee suggests the determination of whether income should be considered non-recurring or unsustainable income is directed to the trial court's sound discretion. The Supreme Court has repeatedly cautioned appellate courts not to reverse discretionary judgments of trial courts unless we find the court abused its discretion, which means the trial court's judgment is unreasonable, arbitrary, or unconscionable, see e.g., Blakemore v.Blakemore (1983), 5 Ohio St.3d 217 at 219. Appellee urges the trial court did not abuse its discretion.
We have reviewed the record before us, and applying our rule enunciated in Yost, supra, we find there was no evidence presented the income generated from this liquidation sale would be realized in more than one year. We conclude the trial court did not err in excluding this amount from appellee's gross income when it computed his child support obligation.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Richland County, Ohio, is affirmed.
By Gwin, P.J., Reader, J., and Wise, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellant.